IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD GENE PHILLIPS,

    Plaintiff,                        No. CIV S-07-1036 LKK EFB PS

    vs.

SACRAMENTO COUNTY, et al.,        FINDINGS AND RECOMMENDATIONS

    Defendants.

_____/

    This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Defendants removed the action to this court on May 30, 2007, and subsequently filed a motion to dismiss, which plaintiff has opposed.[1] Plaintiff also filed an "Opposition to Removal of Action," which the court construes as a motion to remand. For the reasons set forth below, the court recommends that this action be remanded to the Superior Court.

////

////

---

[1] The court previously determined that it was appropriate to apply Local Rule 78-230(m) to this case because plaintiff is in custody. *See* Local Rule 78-230(m) (motions in prisoner cases submitted on the record without oral argument).

1

## I. BACKGROUND

This case was removed on May 30, 2007, and is proceeding on the complaint filed by plaintiff in state court on April 11, 2007. Plaintiff was arrested on August 31, 2005, and charged with a parole violation and possession of a controlled substance. Plaintiff was convicted in state court and remanded to state custody on or about January 12, 2006. Plaintiff subsequently filed a complaint in state court, alleging violations of his constitutional rights in connection with his arrest and subsequent trial. In particular, plaintiff alleges that the search and seizure of evidence from his home violated his rights under the Fourth Amendment, and that defendants violated his Sixth Amendment right to self-representation by denying him "privileges" to prepare his defense during the subsequent criminal proceedings. Plaintiff likewise alleges state law claims against various defendants, including a cause of action pursuant to California Penal Code § 637.2, which provides a private right of action against any person who violates the California Invasion of Privacy Act by surreptitiously recording or eavesdropping on a confidential communication. Plaintiff also alleges other state law claims, including questionable causes of action pursuant to California Penal Code §§ 132, 134 and 141, for the alleged alteration and presentation of false evidence against him.[2]

## II. REMOVAL JURISDICTION & REMAND

Plaintiff challenges defendants' removal of this action, arguing that his state court complaint alleges no federal causes of action and therefore contains no basis for removal under 28 U.S.C. § 1441(a). Defendants point to plaintiff's third and fourth causes of action, which allege violations of his constitutional rights under the Fourth and Sixth Amendments of the United States Constitution. *See* Notice of Removal, Ex. A, at 7-10. Specifically, plaintiff alleges that defendants violated his Fourth Amendment rights by conducting an unlawful search

---

[2] Sections 132 and 134 make it a felony to prepare or present false evidence in any judicial or related proceeding. Cal. Pen. Code §§ 132, 134. Section 141 contains provisions criminalizing evidence tampering. Cal. Pen. Code § 141. None of these provisions provide a private cause of action.

of his residence and by using evidence obtained therefrom in the criminal proceedings against him. Plaintiff also alleges that the Sacramento County Sheriff's Department violated his right to self-representation under the Sixth Amendment by denying him court-ordered "pro per privileges," and thus impeding his ability to prepare his own defense in the criminal case against him. The balance of the complaint alleges claims under various provisions of state law.

Defendants may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). Pursuant to 28 U.S.C. § 1331, the district courts are vested with original jurisdiction over cases "arising under the constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Here, defendants based removal on plaintiff's allegations that his constitutional rights were violated. "Federal question jurisdiction extends only in those cases in which a well-pleaded complaint establishes 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law.'" *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "In order for a complaint to state a claim arising under federal law, it must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question." *Easton*, 114 F.3d at 982 (quoting *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996)).

Plaintiff's complaint makes no reference to 42 U.S.C. § 1983, or any other federal statute that would provide plaintiff with a right of action for the alleged constitutional violations. In defendants' opposition to plaintiff's motion to remand, defendants acknowledge this fact and state that if plaintiff "concedes that he is not asserting a constitutional claim, federal claim or a claim under 42 U.S.C. § 1983, then remand will be proper." Defs.' Opp'n, at 4:9-11. Indeed, to sustain a cause of action for a constitutional violation, a plaintiff must proceed under one of the statues authorizing damages for constitutional violations, such as 42 U.S.C. § 1983. *See*

3


*Azul-Pacifico, Inc. v. Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) (a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983). He cannot bring a claim directly under the Fourth or Sixth Amendment. *Id.*

In reviewing the papers filed in connection with defendants' subsequent motion to dismiss and plaintiff's opposition thereto, it has become apparent that plaintiff intentionally excluded § 1983 from his complaint because he did not wish to proceed under that section. For example, in his opposition, plaintiff explicitly denies that he brings his third cause of action ("denial of pro per privileges"), under 42. U.S.C. § 1983. *See* Pl.'s Opp'n to Defs.' Mot. to Dism., at 5. Although far from clear, it appears the crux of his third cause of action is defendants' alleged failure to follow a court order that plaintiff be given certain "pro per privileges" such as law library access, in order for him to prepare his defense. Plaintiff does not elucidate his claim regarding the alleged unlawful search of his residence, but generally contends in his motion to remand that he "relies on the State of California Laws, Statutes, and Mandates which directly address the remedies available for the acts (Causes of Action) presented in the instant matter." *Id.*, at ¶ 4.

Although a "plaintiff may not avoid federal jurisdiction by omitting from the complaint federal law essential to his or her claim or by casting in state law terms a claim that can be made only under federal law," *Easton*, 114 F.3d at 982, a federal court is likewise not required to retain a removed case where "there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

Here, even if the court were to find that plaintiff's improperly plead allegations of constitutional violations were sufficient to support federal question jurisdiction and therefore removal, the court would require plaintiff to file an amended complaint to allow him the opportunity to state a claim. This alone reveals grave doubts regarding the "removability" of plaintiff's complaint as pleaded.

4

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)) (internal quotations omitted). Here, defendants have conceded that absent plaintiff's constitutional claims pleaded under § 1983, remand is appropriate. *See* Defs.' Rply., at 4:18-25 (acknowledging that plaintiff cannot bring a claim directly under the Fourth and Sixth Amendments, and that plaintiff's failure to plead under § 1983 fails to state a cause of action). As noted, plaintiff has expressly excluded any such claim and his complaint fails to plead each of the elements of a § 1983 cause of action. Further, in reviewing defendants' motion to dismiss and plaintiff's opposing papers, it has become apparent that the crux of all plaintiff's claims – be they state or federal – are likely barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), as they appear to necessarily implicate the validity of plaintiff's conviction and sentence.[3]

Because defendants have failed to satisfy the court that federal subject matter exists, the court recommends the case be remanded to the Superior Court under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. *See Albingia Versicherungs A.G. v. Schenker Intern. Inc.*,

---

[3] The Court in *Heck* held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under 1983.

*Heck*, 512 U.S. at 486.

Moreover, the court's records reveal that plaintiff has a habeas petition currently pending in this district – *Phillips v. Superior Court of California et al.*, 2:06-cv-0415 RRB KJM. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (a court may take judicial notice of its own records).

5

344 F.3d 931, 938 (9th Cir. 2003), *amended on other grounds*, 350 F.3d 916 (9th Cir. 2003), *cert. denied*, 541 U.S. 1041 (2004) (a finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand rather than dismissal).

Based on the foregoing, IT IS RECOMMENDED that:

1. This action be remanded to the Superior Court of the State of California in and for the County of Sacramento; and,

2. All other pending motions be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: December 27, 2007.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE